## In re SULLIVAN CLARK & ASSOCIATES, INC., Debtor.

### Bankruptcy No. 8300679.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 23, 1986.

Louis B. Abilheira, Warren, R.I., for Charles Mason.

Joseph J. Rodio, Rodio & Ursillo, Ltd., Providence, R.I., for debtor.

Thomas J. Curran, Providence, R.I., Trustee.

Antonio SaoBento, East Providence, R.I., for Edmund Hague.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on motion of a creditor, Charles Mason, to vacate an order entered on October 11, 1985, wherein the trustee was permitted to reopen bidding on the debtor insurance agency's principal asset, a book of accounts. The trustee and the debtor object to Mason's motion to vacate. To place the instant controversy in proper perspective one must retrace the recent travel of this matter which has been unnecessarily complicated and drawn out by an admitted "personality conflict between the participating attorneys." Memorandum in Support of Debtor's Objection to Motion to Vacate at 2.

On July 10, 1985, a hearing was commenced on the trustee's motion for an order specifying the particular documents to be transferred to consummate sale of the debtor's book of accounts to Mason. Robert Bliss, an insurance industry consultant, testified regarding the specific documents customarily transferred to a purchaser in connection with the sale of an insurance agency's book of accounts. The matter was continued to July 23 to allow Mason to retain alternate counsel, his lawyer having

**356**

been disqualified on account of a conflict of interest.

On July 23, counsel were unable to agree on the issues to be tried so again the hearing was continued, and we requested an Amended Joint Pretrial Order. At a status conference held on July 30, the debtor indicated that when the trial was eventually resumed, he intended to call two witnesses, Edmund Hague and Allyn F. Sullivan, Jr. The proposed Amended Joint Pretrial Order filed on August 15 was objected to by Mason, but there was no objection to that portion of the order stating that Hague and Sullivan would be called as witnesses.

We allowed counsel an opportunity to brief their positions with respect to disagreements concerning the proposed Amended Joint Pretrial Order, and it was not until September 26 that all memoranda were received. On that same date, the trustee filed a motion for permission to reopen bidding, which was granted on October 11, no objections having been timely filed. It is that order allowing the trustee to reopen bidding which Mason now seeks to vacate, based on his argument that 1) the issue of what constitutes a book of accounts is under advisement and until that issue is decided, the book of accounts cannot be transferred; and 2) the trustee should not be allowed to accept bids from Allyn F. Sullivan, Jr., the debtor's principal.

At a conference held on December 19, we informed counsel that we had taken the matter under advisement, however, review of the record confirms that the hearing was not concluded as a result of counsels' disagreement over the issues to be tried, and that the issue of what constitutes a book of accounts is not under advisement. A ruling at this stage, as requested by Mason, would be improper and ill-advised since further testimony is expected and the Court has not been provided with evidence necessary to resolve the dispute.

 We decline to vacate the October 11 order. Mason, who had ample opportunity to object to the trustee's motion to reopen bidding, will not be heard now to complain that said motion should not have

been granted. Further, the need for a court determination may be obviated if the trustee, the eventual purchaser and all interested parties reach agreement on the documents to be transferred to consummate the sale of the debtor's book of accounts. If the question is raised again, we will then issue a formal decision, after the record is completed, including taking testimony from Hague and Sullivan.

 We consider Mason's argument that the trustee should not be allowed to accept bids from Sullivan to be premature. If the highest bid turns out to be from Sullivan, and the trustee seeks Court approval to sell to him, Mason will have the opportunity to object to the sale at that time.

Accordingly, the motion to vacate is denied. In accordance with an agenda agreed upon at the December 19 conference, the debtor's motion to set aside certain pre-petition transfers will be heard on a date to be set at a status conference scheduled for January 29, 1986 at 2:00 p.m.